U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

MAY 26 2017

CLERK, U.S. DISTRICT COURT
By_____
     Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RODNEY LAUDELL MASON JR., §
 §
Petitioner, §
 §
v. § No. 4:16-CV-201-A
 §
LORIE DAVIS, Director,[1] §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
Respondent. §

**MEMORANDUM OPINION**
and
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Rodney Laudell Mason Jr., a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

I. **Factual and Procedural History**

On June 24, 2009, a jury found petitioner guilty of murder

---

[1] Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

in the stabbing death of Timothy Wayne Sanchez and assessed his punishment at life imprisonment. (Clerk's R. 102, ECF No. 15-2.) The Eleventh Court of Appeals of Texas affirmed the trial court's judgment on the jury's verdict (Mem. Op. 7, ECF No. 15-4), and, on September 26, 2012, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review, (Pet. at 3,[2] ECF No. 1). Petitioner did not seek writ of certiorari. Id. On August 17, 2015,[3] petitioner filed a state habeas application challenging his conviction and sentence, which was denied by the Texas Court of Criminal Appeals on January 20, 2016, without written order on the findings of the trial court. (State Habeas R. 274, ECF No. 16-14 & "Action Taken," ECF No. 16-1.) This federal petition was filed on March 7, 2016.[4]

## II. Issues

Petitioner raises the following five grounds for habeas

---

[2] The pages inserted into the petition are not paginated; thus, the pagination in the ECF header of the petition is used.

[3] Typically, a petitioner's state habeas application is deemed filed when placed in the prison mailing system, however petitioner's petition does not provide the date the document was placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Therefore, petitioner is not given the benefit of the mailbox rule as it pertains to his state habeas application.

[4] Similarly, a petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner's petition reflects that he placed the document in TDCJ's mailing system on March 7, 2016.

relief:

(1) he is actually innocent due to "constitutional errors" resulting from ineffective assistance of counsel;

(2) the trial court erred by failing to instruct the jury on the law of sudden passion;

(3) the state committed fundamental and constitutional "error" by playing the DVD video of his interview with the police knowing the DVD had been suppressed by the trial court;

(4) the trial court violated his speedy trial rights; and

(5) no evidence exists to rebut his claim of self-defense.

(Pet. 6-7, 11-12, ECF No. 1.)

### III. Statute of Limitations

Respondent contends the petition is untimely. (Resp't's Answer at 4-8, ECF No. 13.) The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. The one-year limitations period begins on the latest of several dates. Relevant here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[5] *Id.* §

---

[5]This petition does not allege the presence of state created impediments to filing, newly discovered facts, nor a recent Supreme Court case announcing

2244(d)(1)(A).

Petitioner's judgment of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on Wednesday, December 26, 2012.[6] *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13. Therefore, the statute of limitations began to run the following day and closed one year later on December 26, 2013, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statute, petitioner's state habeas application filed after limitations had already expired did not operate to toll the limitations period. *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001). Thus, this petition is untimely unless petitioner is entitled to equitable tolling.

For equitable tolling to apply, a petitioner must show "'(1)

---

a new and retroactively applied rule of law for purposes of invoking subsections (B)-(D).

[6]Petitioner had 90 days, or until December 25, 2016, to file a petition for writ of certiorari, however December 25 was a federal holiday.

4

that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

Petitioner's delay is largely unexplained, and he is mistaken in his assumption that a showing of "cause and prejudice" or a miscarriage of justice will permit a federal court to reach the merits of a time-barred habeas-corpus claim. A showing of cause and prejudice or miscarriage of justice will permit a federal habeas court to reach the merits of federal constitutional claims that were procedurally defaulted in the state courts. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (state procedural default will be excused if the petitioner can show either cause and prejudice for his procedural default or that failure to consider the claim will result in a fundamental miscarriage of justice). However, such a showing does not provide the basis for overcoming the AEDPA time-bar. *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir.), *cert. denied*, 135 S. Ct. 106 (2014). Under the AEDPA, time-barred habeas claims may be

5

addressed, but only if the habeas petitioner demonstrates that he is entitled to statutory tolling or equitable tolling of the limitations period as established by Supreme Court jurisprudence.

In *McQuiggin v. Perkins*, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). *McQuiggin,* 133 S. Ct. at 1932-33. "[T]enable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1928, 1936 (quoting *Schlup,* 513 U.S. at 316). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup,* 513 U.S. at 326-27. *See also House v. Bell,* 547 U.S. 518, 539-54 (2006) (discussing at length the

evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). Although petitioner asserts that with "up to date technology and science," newly discovered evidence could be obtained, he admits that "[t]o date, no new evidence has emerged." (Pet'r's Resp. 5, ECF No. 17.) Petitioner presents no *new* evidence of his innocence or convincing argument that he is actually innocent. His lengthy delay in seeking both state and federal habeas relief further mitigates against equitable tolling.

Therefore, the Court finds that petitioner's federal petition was due on or before December 26, 2013, and his petition, filed on March 7, 2016, over two years later, is untimely.

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling.

7

Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED May 26, 2017.

/s/ John McBryde
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE